UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 17-104 |
| CHRIS WELLS | SECTION: "J" (4) |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 284)** filed by Defendant, Chris Wells, and an opposition thereto (Rec. Doc. 286) filed by the Government. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On October 4, 2018 Defendant was sentenced by this Court to 240 months of imprisonment after pleading guilty to eight drug and firearms counts, including Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Rec. Doc. 235). Prior to his sentencing, the Court received a Pre-Sentence Report ("PSR") prepared by the United States Probation Office. (Rec. Doc. 190). The PSR included Defendant's criminal history.

The instant drug conviction is Defendant's third drug distribution offense. On January 15, 2003, Defendant was sentenced in state court to five years imprisonment for distribution of marijuana. *Id.* at 19. Initially, Defendant's sentence was

suspended, and he was placed on five years' probation. *Id.* During the course of serving his suspending sentence, Defendant's parole was revoked three times due to engaging in further criminal conduct. *Id.* On May 25, 2010, Defendant was sentenced in state court to seven years imprisonment for possession of heroin with intent to distribute. *Id.* at 20. After Defendant was released in 2013 on parole, he again had his parole revoked for further criminal conduct. *Id.* Defendant's PSR reveals additional criminal charges for which he was not convicted, including aggravated battery and armed robbery.

Defendant is currently incarcerated at Butner FMC ("Butner") with a projected released date of May 26, 2036. On June 25, 2020, the Court received Defendant's present motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that he has underlying health conditions that place him at a high-risk for Covid-19 complications, notably paraplegia, decubitis ulcers, urinary tract infections, hemothorax, and pneumothorax. (Rec. Doc. 284 at 4). Defendant cites the possibility of a Covid-19 outbreak at Butner, combined with his underlying medical conditions, as the grounds for his compassionate release.

## DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his own behalf. § 3582(c)(1)(A).

Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving

he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. These requirements derive from the Sentencing Commission's Policy Statement ("Policy Statement") on sentencing reductions under § 3582(c)(1)(A).

The Policy Statement further clarifies that "extraordinary and compelling reasons" encompasses only small, specific sets of circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A). Namely, there are three recognized circumstances that may facilitate an inmate's early release: "(a) 'a medical condition'—specifically, 'a terminal illness' or a condition that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover'; (b) 'age'—starting at age 65; and (c) 'family circumstances.'" *United States v. Calogero*, No. 18-203, at 4-5 (citation omitted).[1] Defendant does not provide evidence, nor does he argue, that he fits into any

---

[1] The Court notes that there is some dispute over whether the Sentencing Commission's Policy Statement remains binding in light of the statutory changes enacted by the First Step Act. *See Dillon v. United States,* 560 U.S. 817, 830 (2010) (holding that the Policy Statement is binding when evaluating sentence reduction requests under Section 3582); *cf. United States v. Perdigao*, No. 2:07-cr-00103 (E.D. La. Apr. 2, 2020) (Doc. No. 237 at 5) (finding that the policy statement is no longer dispositive). The Court finds it is not necessary to decide this issue at this time, as at the very least the Policy Statement remains instructive. *See United States v. LeBlanc,* 2020 WL 2331690 (E.D. La. May 11, 2020); *Perdigao*, No. 07-cr-103 (although not dispositive, the Policy Statement remains instructive.).

established category that would entitle him to compassionate release. Rather, Defendant argues that the risk of contracting Covid-19 while incarcerated, combined with his medical issues, is sufficient to meet the standard for compassionate release.

In general, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd. Cir. 2000). Here, Defendant failed to provide more than generalized concern. He has not alleged, nor provided any proof, that a Covid-19 outbreak has occurred at Butner. Moreover, Defendant's underlying medical conditions are not the type that justify compassionate release based on the threat of Covid-19. *See United States v. Jepsen*, No. 3:19-cv-00073(VLB), 2020 WL 1640232 at *4 (D. Conn. Apr. 1, 2020) (granting release based on Covid-19 when defendant was obese and immunocompromised).

The only medical records before the Court have been provided by the Government. (Rec. Doc. 286-4)*; see also United States v. Green*, No. 2:11-cr-00468-TLN, 2020 WL 1892456 at *3 (E.D. Ca. Apr. 16, 2020) (holding that BOP medical records provided by the Government supersede Defendant's unsubstantiated claims of health problems). Defendant's medical records show that he suffers from paralysis, neuropathy, and urinary tract issues. (Rec. Doc. 286-4). Taken together, these conditions do not elevate Defendant's risk of contracting Covid-19 to the level

of "extraordinary and compelling," as none of the conditions place him amongst the CDC's high-risk Covid-19 categories.[2]

Furthermore, even if the Court were to find that the threat of a Covid-19 outbreak at Butner constituted an "extraordinary and compelling reason" to grant Defendant compassionate release, he would still not be entitled to said release because he has failed to establish that, if released, he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The danger posed to the community by drug offenders writ large, and armed drug offenders in particular, is well-established. *See United States v. Hare,* 873 F.2d 796, 798-99 (5th Cir. 1989); *see also United States v. Daychild,* 357 F.3d 1081, 1100 (9th Cir. 2004) (Danger to the community posed by armed drug traffickers is "too plain to permit dispute").

Moreover, as mentioned in more detail in the Court's recitation of the facts, Defendant's instant conviction is far from an isolated incident. Rather, he has a long and troublesome criminal history, including multiple drug convictions. *Id.* at 19. This pattern of conduct evinces a defendant with a strong predilection for dangerous behavior that precludes a granting of compassionate release. *See United States v. Miranda,* 2020 WL 2124604 (D. Conn. May 5, 2020) (denying compassionate release for a defendant with history of drug crimes and violence).

Even more troublesome is Defendant's history of wholly disregarding any terms of probation or supervised release. Defendant has had previous probationary

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

periods revoked no less than five times for committing additional offenses while on release. (Rec. 190 at 19-20); *see United States v. Paulino,* No. 19 Cr. 54 (PGG), 2020 WL 1847914, at *6 (S.D.N.Y. Apr. 13, 2020) (Noting in denying release due to Covid-19 that "in committing the instant crime, the Defendant violated his probation."). These actions reveal that Defendant is unsuited to serving a large portion of his sentence via probation or supervision.

For the foregoing reasons, Defendant has failed to show that if granted compassionate release he would not be a danger to others or to the community.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 284)** is **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE