UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 17-104 |
| CHRIS WELLS | SECTION: "J" (4) |

## ORDER & REASONS

Before the Court is the second *Motion for Compassionate Release* **(Rec. Doc. 294)** filed by Defendant, Chris Wells, an opposition thereto (Rec. Doc. 286) filed by the Government, and a reply by Defendant (Rec. Doc. 300). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On October 4, 2018, Defendant was sentenced by this Court to 240 months of imprisonment after pleading guilty to eight drug and firearms counts, including Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Rec. Doc. 235). Prior to his sentencing, the Court received a Pre-Sentence Report ("PSR") prepared by the United States Probation Office. (Rec. Doc. 190). The PSR included Defendant's criminal history.

The instant drug conviction is Defendant's third drug distribution offense. On January 15, 2003, Defendant was sentenced in state court to five years imprisonment

for distribution of marijuana. *Id.* at 19. Initially, Defendant's sentence was suspended, and he was placed on five years' probation. *Id.* During the course of serving his suspended sentence, Defendant's parole was revoked three times due to engaging in further criminal conduct. *Id.* On May 25, 2010, Defendant was sentenced in state court to seven years imprisonment for possession of heroin with intent to distribute. *Id.* at 20. After Defendant was released in 2013 on parole, he again had his parole revoked for further criminal conduct. *Id.* Defendant's PSR reveals additional criminal charges for which he was not convicted, including aggravated battery and armed robbery.

Defendant is currently incarcerated at Butner FMC ("Butner") with a projected released date of May 26, 2036. On June 25, 2020, the Court received Defendant's first motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that he has underlying health conditions that place him at a high-risk for COVID-19 complications, notably paraplegia, decubitis ulcers, urinary tract infections, hemothorax, and pneumothorax. (Rec. Doc. 284 at 4). The Court denied Defendant's first motion because it found that Defendant failed to establish extraordinary and compelling reasons to justify compassionate release and failed to establish that he was not a danger to the community. (Rec. Doc. 287).

On December 14, 2020, Defendant filed a second motion for compassionate release. (Rec. Doc. 294). In addition to the reasons given in the first motion, Defendant now argues that Butner is experiencing a COVID-19 outbreak. In addition to the previously mentioned ailments, Defendant now also avers that he suffers from

kidney disorders, anemia, depression, neuropathy, and chronic "severe sepsis." Finally, Defendant also alleges that he suffered from a Klebsiella infection on April 19, 2020, an unknown infection on June 25, 2020, and a Klebsiella infection again on November 3, 2020.

## DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his own behalf. § 3582(c)(1)(A).

Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. These requirements derive from the Sentencing Commission's Policy Statement ("Policy Statement") on sentencing reductions under § 3582(c)(1)(A).

The Policy Statement further clarifies that "extraordinary and compelling reasons" encompasses only small, specific sets of circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A). Namely, there are three recognized circumstances that may facilitate an inmate's early release: "(a) 'a medical condition'—specifically, 'a terminal illness'

or a condition that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover'; (b) 'age'—starting at age 65; and (c) 'family circumstances.'" *United States v. Calogero*, No. 18-203, at 4-5 (citation omitted).[1] Defendant does not provide evidence, nor does he argue, that he fits into any established category that would entitle him to compassionate release. Rather, Defendant argues that the risk of contracting COVID-19 while incarcerated, combined with his medical issues, is sufficient to meet the standard for compassionate release. "The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *United States v. Thompson*, No. 20-40381, 2021 WL 37493, at *3 (5th Cir. Jan. 5, 2021). However, Defendant has only served four years of his twenty-year sentence.

In general, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd. Cir. 2000). Moreover, none of Defendant's underlying medical conditions are the type that justify compassionate release based on the threat of COVID-19. *See United States v. Jepsen*, No. 3:19-cv-00073(VLB), 2020 WL 1640232 at *4 (D. Conn. Apr. 1, 2020)

---

[1] *Thompson*, 2021 WL 37493, at *2 ("Although not dispositive, the commentary to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 informs our analysis as to what reasons may be sufficiently "extraordinary and compelling" to merit compassionate release.").

4

(granting release based on COVID-19 when defendant was obese and immunocompromised). Defendant's medical records show that the primary medical condition that he has received treatment for in the last six months was a broken femur. (Rec. Doc. 298-3). This tends to show that Defendant's litany of alleged ailments are currently well controlled and do not impede Defendant's ability to provide self-care in prison. *See Thompson*, 2021 WL 37493, at *2 (noting that the petitioner's medical conditions were effectively managed and that the petitioner suffered from no lingering effects from his stroke). In addition, most of these conditions do not elevate Defendant's risk of severe illness if exposed to COVID-19 to the level of "extraordinary and compelling," as only one of these conditions place him amongst the CDC's high-risk COVID-19 categories.[2]

The only condition allegedly suffered by Defendant that is included on the CDC's list is kidney disease. However, Defendant has merely alleged that he suffers from kidney disease without attaching any supporting evidence of said disease, nor identifying what particular ailment Defendant suffers from. Finally, a review of the 618 pages of medical records provided by the Government did not show any evidence that Defendant suffers from a chronic kidney disease. (Rec. Doc. 298-3). Accordingly, the Court must conclude that Defendant failed to carry his burden of showing that

---

[2] *See* People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (Dec. 29, 2020) (listing underlying medical conditions that pose a higher risk of severe illness from COVID).

he suffers from a serious medical condition that can be fairly characterized as an extreme and compelling circumstance warranting compassionate release.

Furthermore, even if the Court were to find that the threat of a COVID-19 outbreak at Butner constituted an "extraordinary and compelling reason" to grant Defendant compassionate release, he would still not be entitled to said release because he has failed to establish that, if released, he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Although the Court held Defendant failed to establish that he was not a danger to the community in its previous order, the Court will repeat its reasoning here. (Rec. Doc. 287). The dangers posed to the community by drug offenders writ large, and armed drug offenders in particular, are well-established. *See United States v. Hare,* 873 F.2d 796, 798-99 (5th Cir. 1989); *see also United States v. Daychild,* 357 F.3d 1081, 1100 (9th Cir. 2004) (Danger to the community posed by armed drug traffickers is "too plain to permit dispute").

Moreover, as mentioned in more detail in the Court's recitation of the facts, Defendant's instant conviction is far from an isolated incident. Rather, he has a long and troublesome criminal history, including multiple drug convictions. This pattern of conduct evinces a defendant with a strong predilection for dangerous behavior that precludes a granting of compassionate release. *See United States v. Miranda*, 2020 WL 2124604 (D. Conn. May 5, 2020) (denying compassionate release for a defendant with history of drug crimes and violence).

Even more troublesome is Defendant's history of wholly disregarding any terms of probation or supervised release. Defendant has had previous probationary terms revoked no less than five times for committing additional offenses while on probation. (Rec. 190 at 19-20); *see United States v. Paulino,* No. 19 Cr. 54 (PGG), 2020 WL 1847914, at *6 (S.D.N.Y. Apr. 13, 2020) (noting in denying release due to COVID-19 that "in committing the instant crime, the Defendant violated his probation."). These actions reveal that Defendant is unsuited to serving a large portion of his sentence via probation or supervision.

For the foregoing reasons, the Court finds that Defendant has failed to show that, if granted compassionate release, he would not be a danger to others or to the community.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 294)** is **DENIED**.

New Orleans, Louisiana, this 19th day of January, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

7