UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-104 |
| CHRIS WELLS | SECTION "J" |

## ORDER AND REASONS

Before the Court are a *Motion to Amend and Clarify Sentence* **(Rec. Doc. 359)** filed by Defendant Chris Wells, which the Government opposes (Rec. Doc. 370), and a *Motion for Judgment* filed by Defendant **(Rec. Doc. 378)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motions should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On October 4, 2018 Defendant was sentenced by this Court to 240 months of imprisonment after pleading guilty to five drug and firearm counts, including conspiracy to possess with intent to distribute 100 grams or more of heroin and possession of a firearm in furtherance of a drug trafficking crime. (Rec. Doc. 235). The sentence was a downward variance from the Pre-Sentence Report's Guideline Range of 262–327 months.

Following his sentence, Defendant filed a direct appeal with the United States Court of Appeals for the Fifth Circuit, alleging his trial counsel rendered ineffective assistance by failing to inform Defendant that he would be sentenced as a career offender. The Fifth Circuit affirmed Defendant's conviction, concluding an ineffectiveness claim would be more appropriately presented through a 28 U.S.C. §

1

2255 motion. (Rec. Doc. 268-1). Defendant later raised various ineffective assistance of counsel theories through such a motion, but the Court denied habeas relief. (Rec. Doc. 332).

Additionally, Defendant twice previously has moved for compassionate release, asserting health-related grounds in each. Declining to find an extraordinary and compelling reason on that basis, this Court also concluded Defendant had not shown he would not be a danger to the community. (Rec. Docs. 287 and 301).

Defendant now moves for a correction of the Bureau of Prison's ("BOP") calculation of his sentence.[1] Specifically, Defendant contends his federal pretrial incarceration—a period from July 7, 2017 to October 4, 2018—has improperly not been credited to his federal time served. The Government opposes any such correction, asserting this Court did not order Defendant's federal and state convictions to run concurrently, the time at issue was credited to Defendant's state sentence, and most significantly, the BOP retains authority over sentencing calculations.

## LEGAL STANDARD

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). The calculation

---

[1] Defendant moves through counsel in his *Motion to Amend and Clarify Sentence* (Rec. Doc. 359). Following the Government's response, Defendant also filed pro se his *Motion for Judgment* (Rec. Doc. 378). As the latter restates the arguments of the former, the Court presently considers both, along with the Government's opposition.

of applicable pre-trial credits is not within the authority of the district court. *See United States v. Wilson,* 503 U.S. 329, 333 (1992). Rather, the United States Attorney General has the authority, which has been, in turn, delegated to the BOP. *See* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons . . . charged with or convicted of offenses against the United States[.]"); *see also* 18 U.S.C. § 3621 ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons . . . .").

An inmate who disagrees with the computation of his sentence must raise such concern through an administrative review process. *Wilson,* 503 U.S. at 335. The review begins with an informal complaint to the inmate's warden before the initiation of a formal proceeding with the institution. *See* 28 C.F.R. § 542.18. If dissatisfied with the institutional resolution, the inmate may subsequently seek relief from the Regional Director of the BOP and, finally, from the Central Office of the BOP. *Id.* Only after the Central Office's response would an inmate have exhausted all administrative remedies and be permitted to seek judicial review of the BOP's calculations. *Wilson,* 503 U.S. at 335.

## **DISCUSSION**

Defendant argues he has been short-changed nearly fifteen months of time-served credit—a period from July 7, 2017 to October 4, 2018 when he was in federal pretrial custody. As an exhibit Defendant includes his "Public Information Inmate

Data" form which lists "Total Prior Credit Time . . .: 0." (Rec. Doc. 359-2 at 4).

On October 4, 2018, this Court sentenced Defendant to 240 months of federal imprisonment. However, Defendant did not begin his sentence immediately. Instead, the next day, October 5, 2018, Defendant was sentenced in Orleans Parish Criminal District Court on separate state charges. (Rec. Doc. 359-3 at 5). His state sentence began immediately, and included credit for time served while in federal custody. *Id*. On January 8, 2019, Defendant was transferred from state custody to begin his term of federal incarceration. (Rec. Doc. 359-2 at 2).

Although Defendant acknowledges that the BOP made the determination to refuse time-served credit, he does not state, much less submit proof, that he exhausted administrative remedies over his claim. As delegated by the Attorney General, the BOP has sole authority to calculate sentencing credits. Accordingly, Defendant cannot receive the relief sought from this Court.

Moreover, even if Defendant presented a motion for the Court's consideration, his argument fails. In *United States v. Wilson*, the Supreme Court closely analyzed the point at which the BOP applies 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329 (1992). Observing that "[f]ederal defendants do not always begin to serve their sentences immediately[,]" the Court held that Congress intended through the text of § 3585(b) for time-served credits to be calculated at the commencement of the federal sentence: "Congress has indicated that computation of the credit must occur after the defendant begins his sentence." *Id*. at 333.

Here, Defendant began his federal sentence on January 8, 2019. By that time,

4

the state court had already included the time in custody from July 7, 2017 to October 4, 2018 as a credit to his state sentence. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*" 18 U.S.C. § 3585(b) (emphasis added). From a plain reading of § 3585(b) and an application of *Wilson*, Defendant's time-served contentions appear unavailing. Further, as administratively barred, these contentions are not before this Court and, therefore, must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chris Wells's *Motion to Amend and Clarify Sentence* **(Rec. Doc. 359)** and *Motion for Judgment* **(Rec. Doc. 378)** are **DENIED**.

New Orleans, Louisiana, this 3rd day of October, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE